NORMAN E. LEHRER, P.C.
Norman E. Lehrer
1205 North Kings Highway
Cherry Hill, New Jersey 08034
856.429.4100
Attorneys for Plaintiff
patents@pobox.com

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | | |
|---|---|---|
| JESSICA ANN VOLINSKI, | : | |
| | : | CIVIL ACTION NO. 15- |
| Plaintiff, | : | |
| v. | : | |
| | : | COMPLAINT |
| CHARTWELL STUDIO INC. and | : | |
| DOLLAR TREE STORES, INC., | : | |
| | : | JURY TRIAL DEMANDED |
| Defendants. | : | |

Plaintiff, Jessica Ann Volinski, by her attorney, and for her complaint against the

Defendants alleges and avers as follows:

THE PARTIES AND JURISDICTION

1.    Plaintiff, Jessica Ann Volinski ("Volinski") is an individual, residing at 29

Forest Court, Medford, New Jersey 08055.

2.    Defendant, Chartwell Studio Inc. ("Chartwell") on information and belief,

is an Illinois corporation, with its principal place of business at 824 Sheridan Road, Evanston,

Illinois 60202.

3.      Defendant, Dollar Tree Stores, Inc. ("Dollar Tree") on information and belief, is a Virginia corporation, having its principal place of business at 500 Volvo Parkway, Chesapeake, Virginia 23320.

4.      This Court has exclusive jurisdiction over this complaint under 28 U.S.C. §1338(a) in that the causes of action alleged herein arise under the Copyright Laws of the United States, 17 U.S.C. §101 et seq. and 17 U.S.C. §1201 et seq. Venue is proper in this judicial district pursuant to 28 U.S.C. §1400(a).

### FACTS COMMON TO BOTH COUNTS

5.      Volinski is a professional illustrator who creates and licenses her artwork, a significant portion of which consists of sketchy doodle designs.

6.      In 2010, Volinski created a design entitled "Hand-Drawn 3D LOVE Lettering Psychedelic Groovy Notebook Doodle Design Elements" ("3D LOVE"). A copy of this artwork is attached hereto as Exhibit 1.

7.      The 3D LOVE artwork was subsequently published online at 123RF. As published on 123RF, the artwork contained an appropriate copyright notice under Volinski's online moniker "blue67design."

8.      On August 14, 2014, Volinski filed an application with the United States Copyright Office to register her 3D LOVE artwork and Certificate of Registration No. VA 1-933-299 has issued with respect to the same. A copy of the registration is attached hereto as Exhibit 2.

9.      In 2010, Volinski created a design entitled "Psychedelic Abstract Notebook Doodles Design Elements" ("Psychedelic Abstract"). A copy of this artwork is attached hereto as Exhibit 3.

10.      The Psychedelic Abstract was published online at Shutterstock on April 19, 2010. As published on Shutterstock, the artwork contained an appropriate copyright notice under Volinski's online moniker "blue67design."

11.      On June 17, 2015, Volinski filed an application with the Copyright Office to register her Psychedelic Abstract. A copy of the application and copies of receipts from the Copyright Office indicating that the application, payment and deposit materials were received are attached hereto as Exhibit 4.

12.      In 2008, Volinski created a design entitled "Psychedelic Love Heart" ("Psychedelic Love Heart"). A copy of this artwork is attached hereto as Exhibit 5.

13.      The Psychedelic Love Heart was published online at Shutterstock on July 30. 2008. As published on Shutterstock, the artwork contained an appropriate copyright notice under Volinski's online moniker "blue67design."

14.      On June 17, 2015, Volinski filed an application with the Copyright Office to register her Psychedelic Love Heart. A copy of the application and copies of receipts from the Copyright Office indicating that the application, payment and deposit materials were received are attached hereto as Exhibit 6.

15.      In 2010, Volinski created a design entitled "Psychedelic Groovy Cloud Speech Bubble Doodle" ("Psychedelic Groovy Cloud"). A copy of this artwork is attached hereto as Exhibit 7.

16.     The Psychedelic Groovy Cloud was published online at Shutterstock on November 11, 2010. As published on Shutterstock, the artwork contained an appropriate copyright notice under Volinski's online moniker "blue67design."

17.     On June 17, 2015, Volinski filed an application with the Copyright Office to register her Psychedelic Groovy Cloud. A copy of the application and copies of receipts from the Copyright Office indicating that the application, payment and deposit materials were received are attached hereto as Exhibit 8.

<u>COUNT I</u>

<u>COPYRIGHT INFRINGEMENT</u>

18.     Without license or permission from Volinski, Chartwell has copied significant portions of Volinski's artwork and has reproduced it on wall stickers. Photographs of the Chartwell wall stickers are hereto as Exhibits 9 and 10.

19.     On information and belief, at all times relevant to the acts of Chartwell, the company had actual as well as constructive notice and knowledge of Volinski's copyrights but proceeded and is continuing to proceed in complete disregard thereof. Chartwell's infringement of Volinski's copyrights, therefore, was and is willful and deliberate.

20.     Chartwell has sold its infringing products to Dollar Tree and possibly other retailers who are reselling the infringing products to the public. Dollar Tree and the other retailers are reselling these products without license or permission from Volinski.

21.     Dollar Tree's acts of reselling the infringing products also constitute copyright infringement.

## COUNT II

## VIOLATION OF THE DIGITAL MILLENNIUM COPYRIGHT ACT

22.     Plaintiff repeats and re-alleges paragraphs 1-21 above as if fully set forth herein.

23.     When copying each of Volinski's works, Chartwell intentionally removed the copyright management information that had been published with the works.

24.     After intentionally removing Volinski's copyright management information, Chartwell added its own copyright notice and distributed copies of the infringing products knowing that the copyright management information had been removed without Volinski's authority and that its copyright notice was false.

25.     Chartwell knew or had reasonable grounds to know that the removal and distribution of its products with the copyright management information removed and replaced would induce, enable, facilitate or conceal infringement of Volinski's rights.

26.     Plaintiff has suffered damages as a result of Chartwell's unauthorized removal of copyright management information and the subsequent distribution of infringing copies of her works with an improper copyright notice. Chartwell's actions, therefore, constitute violations of 17 U.S.C. §1202.

WHEREFORE, Volinski prays for judgment against Chartwell and  Dollar Tree as follows:

A.     That Chartwell and Dollar Tree and their agents, servants, employees, and attorneys and all persons in active concert or participation with them who receive actual notice

hereof be enjoined pendente lite and permanently from infringing Volinski's copyrights and from manufacturing or distributing infringing products including the wall stickers.

   B. That Chartwell and Dollar Tree and their agents, servants, employees, and attorneys and all persons in active concert or participation with them who receive actual notice hereof be enjoined pendente lite and permanently from distributing any products that contain false or removed copyright management information.

   C. That, in accordance with 17 U.S.C. §503 and 17 U.S.C. §1203, all infringing products in Chartwell's and Dollar Tree's possession or control be impounded by the Court during the pendency of this action and thereafter destroyed.

   D. That Chartwell and Dollar Tree be required to account for and pay over to Volinski all gains, profits and advantages derived by them and, in addition, the damages sustained by Volinski as a result of their infringement and their violation of 17 U.S.C. §1202 together with legal interest from the date of accrual.

   E. That pursuant to 17 U.S.C. §1203(b)(5) Chartwell be required to pay Volinski reasonable attorney's fees.

   F. That Volinski have such other and further relief as this Court deems just and proper.

      NORMAN E. LEHRER, P.C.


     By: /s/ Norman E. Lehrer
      Norman E. Lehrer
      Attorneys for Plaintiff


Dated:  June 17, 2015

<u>DEMAND FOR JURY TRIAL</u>

Plaintiff, by her attorney, hereby demands a trial by jury of all issues triable by jury.

NORMAN E. LEHRER, P.C.


By: <u>/s/ Norman E. Lehrer</u>
Norman E. Lehrer
Attorneys for Plaintiff


<u>DECLARATION UNDER LOCAL RULE 11.2</u>

I hereby declare that, to the best of my knowledge, this matter is not the subject of any other pending action in any court, or of any pending arbitration or administrative proceeding.

NORMAN E. LEHRER, P.C.


By: <u>/s/ Norman E. Lehrer</u>
Norman E. Lehrer
Attorneys for Plaintiff